IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RANDY HANOHANO, #A1016639, | ) ) ) | CIV. NO. 09-00563 ACK-KSC |
| Petitioner, | ) ) | ORDER DISMISSING PETITION |
| vs. | ) ) | |
| KAREN AHN, | ) ) | |
| Respondent. | ) ) | |

## ORDER DISMISSING PETITION

Before the court is pro se Petitioner Randy Hanohano's petition for writ of habeas corpus under 28 U.S.C. § 2254. Hanohano states that he was sentenced to an indeterminate term of ten years by the state court on November 17, 2009, in Cr. No. 09-01-0082. He clarifies that his appeal of this decision is currently pending before the Hawaii Intermediate Court of Appeals, and that he is awaiting the result of that appeal.

Exhaustion of available state judicial remedies is a prerequisite to obtaining federal habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Unless another avenue of relief is mandated by state law, a petitioner may present his claim either on direct appeal or in state collateral proceedings. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). Exhaustion is not satisfied if there is a pending post-conviction proceeding in state court. *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632,

634 (9th Cir. 1983).  If a post-conviction challenge is pending in state court, a federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted.

Because it is clear that Hanohano has a pending state court appeal regarding his conviction, the Petition is DISMISSED without prejudice to refiling after state post-conviction judicial remedies are terminated and Hanohano's claims are fully exhausted.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 8, 2009.



_____
Alan C. Kay
Sr. United States District Judge

*Hanohano v. Ahn*, Civ. No. 09-00563 ACK; prose attys\Habeas\dmp\2009\Hanohano 09-536 ACK (dsm pndg st. act.)